FERNANDO LEMOS *v.* FRANÇOIS DAUBERT and another.

Where one to whom a slave has been adjudicated at public auction, discovers that the slave is affected with a redhibitory disease, he may decline to complete the purchase.

APPEAL from the District Court of the First District, *Buchanan,* J.

*D. Seghers* and *Buisson,* for the plaintiff.

*Bodin* and *L. Janin,* for the appellant.

*Grivot, Roselius,* and *Canon,* for the other warrantors.

MARTIN, J.* This is a redhibitory action, in which the plaintiff seeks to rescind the sale of a slave, whom the defendant caused to be put up at auction, and who was adjudicated to the plaintiff, the slave laboring under a redhibitory malady.

In a supplementary petition, the plaintiff avers, that Marie, the wife, separated from bed and board from Thomas Chasagne, was the real owner of the slave, and that the original defendant was her agent in the sale, a circumstance which has come to his knowledge since the filing of the original petition, and that they both colluded to defraud him. He therefore prays, that she may be made defendant, and that he may have judgment against both, *in solido.*

The wife pleaded the general issue, and reconvened on the plaintiff for the price at which the slave was adjudicated to him. She called in her vendor Durapau, who called in his vendor Montz, who called in his, Destez, by whom the suit was defended. The claim for damages was abandoned by all parties; the sale to the plaintiff was rescinded; Marie Chasagne, his vendor, had judgment against Durapau, who had judgment against Montz, and this last against Destez, who apppealed.

The case was tried by a jury. The testimony shows, that

---

* MORPHY J., having been of counsel in this case did not sit on its trial.

the plaintiff discovered, shortly after the adjudication, the unsoundness of the slave, and that he gave notice of it to the auctioneer, and of his declining to complete the purchase. This was communicated to the original defendant. The plaintiff lodged the slave in jail, at the risk and charge of her owner. The original defendant had her sold at the plaintiff's risk. The disease appeared to be what the doctor who examined her calls, a grave swelling on one of her thighs, on which a scar showed that a surgical operation had been performed; and, on the testimony of a doctor, by whom she was examined at the request of the plaintiff, the jury came to the conclusion that her malady was a redhibitory one.

The court came to the same conclusion, as it refused to grant a new trial. It does not appear to us that it erred.

It is, therefore, ordered and decreed, that the judgment be affirmed, with costs.

---

## Same Case.—On a Re-hearing.

Where the defendant in an action to rescind the sale of a slave on account of a redhibitory defect, alleges, in her answer, that the defect complained of was an apparent one, the allegation will preclude her from recovering against her vendor cited in warranty.

A sale cannot be rescinded for a redhibitory defect, proved by the defendant, or admitted by the plaintiff, to have been an apparent one, or one known to the purchaser at the time of the purchase. C. C. 2497, 2498.

*Bodin* and *L. Janin*, in their application for a re-hearing, cited 6 Mart. N. S. 539. *Lebesque* v. *Bonin*, 3 Robinson, 12. *Hawkins* v. *Brown*, ibid. 310. Civil Code, arts. 2497, 2498.